**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4689**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONNELL EDWARD CALLAHAM,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:08-cr-00052-jpj-pms-1)

Submitted: October 7, 2010     Decided: November 2, 2010

Before GREGORY, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A. Benton Chafin, Jr., CHAFIN LAW FIRM, P.C., Lebanon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, A. Benjamin Spencer, Special Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Edward Callaham pled guilty, pursuant to a plea agreement, to knowingly possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (2006), possession of stolen firearms, in violation of 18 U.S.C. § 922(j), possessing a firearm with the manufacturer's serial number removed, obliterated, and altered, in violation of 18 U.S.C. § 922(k), and conspiracy to possess stolen firearms and to possess a firearm with the manufacturer's serial number removed, obliterated, and altered, in violation of 18 U.S.C. § 371 (2006). Callaham's subsequent motion to withdraw his plea was denied after a hearing. The district court sentenced Callaham to 324 months' imprisonment. On appeal, Callaham contests the magistrate judge's denial of his motion to withdraw his guilty plea and the district court's imposition of a two-level enhancement under U.S. Sentencing Guidelines Manual (USSG) § 3C1.2 (2007). For the following reasons, we affirm.

We review a lower court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). Federal Rule of Criminal Procedure 11 authorizes the withdrawal of a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We have explained that a defendant has no

2

"absolute right" to withdraw a guilty plea, and that the district court has discretion to decide whether a "fair and just reason" exists. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). We have also explained that "the most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Bowman, 348 F.3d at 414. Accordingly, a lower court's "inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks omitted). "A properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414. In reviewing the denial of a motion to withdraw a guilty plea, we consider six factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Our review of the record leads us to conclude

3

that the magistrate judge properly applied these factors and did not abuse her discretion in denying Callaham's motion to withdraw his guilty plea.

Next, Callaham contends that the district court erred in applying a two-level enhancement under USSG § 3C1.2 for reckless endangerment. We review the district court's application of the reckless endangerment enhancement for clear error. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). The Government has the burden of proving an enhancement by the preponderance of the evidence. United States v. Hill, 322 F.3d 301, 307 (4th Cir. 2003). The Guidelines provide for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. Applying the relevant legal principles to the evidence and testimony adduced at the sentencing hearing leaves us without doubt that the district court did not clearly err in imposing the enhancement in this case.

Accordingly, we affirm Callaham's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4