**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4180**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ALEXANDER JESUS SANTIAGO,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:09-cr-00299-REP-1)

Submitted:  November 24, 2010          Decided:  December 29, 2010

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Caroline S. Platt, Research and Writing Attorney, Richmond, Virginia, for Appellant.  Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Jesus Santiago was indicted on one count of possession with intent to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. § 841 (2006). Santiago pleaded not guilty and proceeded to trial. Santiago was found guilty, and the district court sentenced him to eighty-four months' imprisonment, at the bottom of Santiago's U.S. Sentencing Guidelines Manual ("USSG") (2009) range.

Santiago appealed, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but asking us to review, first, whether the district court erred when it applied a two-level firearm enhancement, and second, whether the district court failed to sufficiently explain the sentence imposed. Santiago submitted a pro se supplemental brief arguing that he was deprived of the opportunity to confront and cross-examine the forensic chemist who identified the substances recovered as heroin, and that he received ineffective assistance of counsel. We affirm.

Counsel first argues that the district court committed plain error when it applied a two-level weapon enhancement pursuant to USSG § 2D1.1(b)(1) because there was not a sufficient connection between the weapon and the heroin. Counsel notes that Santiago did not have a firearm on his person

2

or in his vehicle when he was arrested, but that the firearm was recovered from Santiago's residence, where no drugs were found.

The Guidelines allow for a two-level increase in offense level in a drug offense where "a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). Application note three to § 2D1.1 instructs that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.3. This court reviews the factual findings underpinning application of a sentence enhancement for clear error; "if the issue turns primarily on the legal interpretation of the guidelines, . . . review is de novo." United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). In order to support the USSG § 2D1.1(b)(1) firearm enhancement, "the Government must prove by a preponderance of the evidence that the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted).

Here, although Santiago was not carrying the firearm when he was arrested and no drugs were recovered from Santiago's residence, baggies, digital scales, and a substance frequently cut with drugs were recovered from the same room as the firearm.

3

The Government was not required to prove "precisely concurrent acts," and was entitled to rely on circumstantial evidence, including the type of firearm involved, to carry its burden. Id. at 629 (internal quotation marks omitted). Under these circumstances, the district court did not err when it found the firearm sufficiently connected to the drug offense.

Next, counsel argues that Santiago's sentence is procedurally unreasonable because the district court failed to provide an individualized assessment of the facts and arguments relevant to sentencing. We review the reasonableness of a sentence under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). Here, only the procedural reasonableness of Santiago's sentence has been questioned.

A district court commits procedural error when it "fail[s] to adequately explain the chosen sentence." Lynn, 592 F.3d at 575 (quoting Gall, 552 U.S. at 51). While district judges must provide a particularized assessment as to why the sentence imposed is proper in each case, they need not "robotically tick through [18 U.S.C.] § 3553(a)'s [(2006)] every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Moreover, "when a judge decides simply to

4

apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007); see Lynn, 592 F.3d at 576.

The district court supplied an adequate explanation for the within-Guidelines sentence imposed in this case. The district court stated that, given Santiago's criminal history and the nature of his conduct, a sentence at the high end of the Guidelines would be warranted to "give him enough prison time to show respect for the law and learn respect for the law, to protect the public, to deter him from further conduct, as well as to send a message to the community that this kind of conduct won't be tolerated." Nonetheless, the district court determined that even the minimum, eighty-seven-month sentence under the Guidelines would fulfill the objectives of 18 U.S.C. § 3553(a). Although the district court's explanation was not elaborate or lengthy, it "provide[d] a rationale tailored to the particular case at hand" and was adequate to permit "'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50).

In his pro se supplemental brief, Santiago argues that the introduction of the laboratory report identifying the heroin violated the confrontation clause of the Sixth Amendment. However, because the report was admitted pursuant to a stipulation, Santiago has waived this argument.

5

Santiago also claims that his counsel was constitutionally ineffective by stipulating that the substance recovered was heroin, by failing to object to a compromised juror, and by failing to file a motion to suppress. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless counsel's "ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). In order to allow for the adequate development of the record, Santiago must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Santiago's conviction and sentence. We deny Santiago's motion to substitute counsel. This court requires that counsel inform Santiago, in writing, of the right to petition the Supreme Court of the United States for further review. If Santiago requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Santiago.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED