**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5041**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BRYANT KEITH BETHEA, a/k/a Big B,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.   R. Bryan Harwell, District Judge.
(4:08-cr-00501-RBH-2)

_____

Argued:  January 28, 2011                Decided:  May 16, 2011

_____

Before TRAXLER, Chief Judge, and MOTZ and KEENAN, Circuit
Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia,
South Carolina, for Appellant.   Thomas Ernest Booth, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
**ON BRIEF:** Lanny A. Breuer, Assistant Attorney General, Greg D.
Andres, Acting Deputy Assistant Attorney General, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C.; William N. Nettles,
United States Attorney, A. W. Bethea, Jr., Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryant Keith Bethea was convicted by a jury of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Bethea appeals his sentence, asserting that the district court erred in counting three prior state court convictions as "prior sentences" under U.S.S.G. § 4A1.1 (2008). We affirm.

## I.

The Villagomez drug trafficking group, headed by Ismael Chavarria Villagomez, a/k/a/ Miguel Villagomez, operated a drug trafficking business out of Dillon, South Carolina. Bethea was indicted along with four co-conspirators for conspiracy to possess with intent to distribute and to distribute crack and powder cocaine from January 1, 2000, until May 2008, during their association with the Villagomez group. Bethea had been trafficking in drugs in the Dillon area of South Carolina since 1997. Miguel Villagomez began operating his drug trafficking activities in the Dillon area in approximately 2004 and began supplying Bethea with drugs for further distribution. Between 2005 and 2007, the Villagomez group distributed between 200 and 300 kilograms of powder cocaine and cocaine base, as well as large quantities of marijuana.

3

Bethea's presentence report ("PSR") recommended a Sentencing Guidelines range of 235 to 293 months based on a total offense level of 36 and a criminal history category of III. Bethea was held accountable for 1,561 grams of crack cocaine, 12,059.47 grams of powder cocaine, and 29,143.8 grams of marijuana, based upon his drug trafficking activities from 1997 until his arrest. Bethea did not object to the drug quantities attributed to him for purposes of determining his total offense level under the Guidelines.

Bethea's criminal history category was based on a total of six criminal history points, including, as is relevant here, one each for three prior state court convictions for simple possession of marijuana.[*] See U.S.S.G. § 4A1.1(c). The first ("the 1995 offense") arose out of a 1995 incident in which a Dillon police officer found five bags of marijuana and $146 on Bethea's person. Bethea pleaded guilty to simple possession of

---

[*] Bethea's fourth criminal history point was for failing to stop for a blue light in 2000. For this conviction, Bethea received a sentence of two years' imprisonment and a $1,000 fine, suspended upon the service of 8.5 days' imprisonment, payment of $350, and 18 months' probation. See U.S.S.G. § 4A1.1(c)(2008). Bethea's fifth and sixth criminal history points were based on the fact that he was on probation for this offense when he committed the instant cocaine conspiracy offense. See U.S.S.G. § 4A1.1(d) (2008) (providing that two points are assigned "if the defendant committed the instant offense while under any criminal justice sentence, including probation").

4

marijuana and was sentenced to 30 days' imprisonment, suspended upon payment of a $200 fine. The second ("the 1998 offense") arose out of a 1998 incident in which a highway patrolman searching Bethea's car after a traffic stop found a bag of marijuana, scales, tin foil with mothballs, and $872 in cash. Bethea pleaded guilty to simple possession of marijuana and paid a $425 fine. The third conviction ("the 2005 offense") arose out of a 2005 incident when an officer during a traffic stop found a jar of marijuana between the seats in Bethea's car, along with $900 on his person. Bethea pleaded guilty to simple possession of marijuana and was sentenced to 30 days' imprisonment or a $565 fine. He paid the fine.

At the sentencing hearing before the district court, Bethea objected to the PSR's assignment of criminal history points for the three simple possession convictions under U.S.S.G. § 4A1.1, and argued that the conduct underlying these convictions should instead be included as "relevant conduct" under U.S.S.G. § 1B1.3 (2008). Without the points for these convictions, Bethea would have been assigned a criminal history category of II instead of III, which would have resulted in a lower advisory guideline range. The district court overruled Bethea's objection to his criminal history score and sentenced Bethea to 235 months' imprisonment.

We review a sentencing court's interpretation of the Guidelines de novo. See United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). In analyzing the Guidelines, courts apply ordinary rules of statutory construction. See United States v. Stokes, 347 F.3d 103, 105 (4th Cir. 2003). When the meaning of the Guidelines is plain, courts must give effect to it. See id. In determining the Guidelines' plain meaning, Guidelines commentary is considered "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

Under U.S.S.G. § 4A1.1(c), a defendant receives one criminal history point for each prior sentence of less than sixty days imprisonment. "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Conduct is considered "part of the instant offense" for purposes of U.S.S.G. § 4A1.2(a)(1) if it "is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 4A1.2 cmt. n.1.

Relevant conduct is considered in the calculation of a defendant's offense level. See U.S.S.G. § 1B1.3(a). It includes:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3(a)(1). In drug cases, relevant conduct includes "all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); United States v. Young, 609 F.3d 348, 358 (4th Cir. 2010).

On appeal, Bethea contends that the evidence at trial established that the cocaine trafficking conspiracy for which he was indicted and convicted involved both cocaine and marijuana distribution and spanned from 1990 to 2008, and that the district court should have considered his prior convictions for simple possession of marijuana as marijuana trafficking. Thus, he asserts that the district court should have found that the

7

"acts and omissions" underlying the three state offenses "were part of the same course of conduct or common scheme or plan as the" drug trafficking conspiracy for which he was convicted, U.S.S.G. § 1B1.3(a)(2), and not counted them as "prior sentences" for purposes of his criminal history under U.S.S.G. § 4A1.1. We find no error.

The Guidelines define relevant conduct in drug cases as including "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). However, the Guidelines also expressly provide that "offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3 cmt. 8 (emphasis added). For Guidelines purposes, the "offense of conviction" is determined by reference to the acts charged in the indictment. See U.S.S.G. § 1B1.2(a) (defining "offense of conviction" as "the offense conduct charged in the count of the indictment or information of which the defendant was convicted"); see United States v. Ignancio Munio, 909 F.2d 436, 438 n.2 (11th Cir. 1990) (per curiam) (explaining that "offense of conviction" refers to "the conduct charged in the indictment for which the defendant was

8

convicted"); cf. United States v. Boulware, 604 F.3d 832, 835-36 (4th Cir. 2010) (holding that notwithstanding defendant's argument regarding the actual nature of her offense, in determining which guideline provision would set her offense level, the description of the offense in the indictment was controlling).

Bethea's offense of conviction was for his participation in the conspiracy to possess with intent to distribute cocaine and cocaine base, "beginning on or about January 1, 2000, and continuing thereafter, up to and including the date of th[e] Indictment." J.A. 11. Because the sentences associated with his 1995 and 1998 convictions were "imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction)," the Guidelines clearly direct that the underlying offense conduct not be "considered as part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3 cmt. 8. Thus, even if the district court could have found the conduct underlying the simple possession of marijuana convictions to be drug trafficking activities, the conduct would not be considered "relevant conduct" under the Guidelines. Id.; cf. United States v. Defeo, 36 F.3d 272, 276 (2d Cir. 1994) ("Even if acts would otherwise be deemed relevant conduct, . . . the court is not to consider them if they are 'associated with a sentence that was

9

imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction).'" (quoting U.S.S.G. § 1B1.3 cmt. 8)). Accordingly, we hold that the district court did not err in counting the 1995 and 1998 sentences as "prior sentences" instead of "relevant conduct" under the Guidelines.

As with the 1995 and 1998 offenses, Bethea argues that the district court also erred in treating his 2005 offense as a "prior sentence" instead of "relevant conduct." The United States contends that, while the sentence for the 2005 offense was not imposed prior to the offense of conviction, it was also properly counted as a "prior sentence" because Bethea resumed his participation in the cocaine trafficking conspiracy after the sentence was imposed. We need not resolve this issue. In light of our holding that the court correctly treated the sentences for Bethea's 1995 and 1998 offenses as prior sentences under the Guidelines, any error regarding the 2005 offense would be harmless because the single criminal history point added for that offense did not affect Bethea's criminal history category, which would have been III regardless of how the 2005 offense was treated.

III.

For the foregoing reasons, we affirm the district court's judgment.

AFFIRMED

10