**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-5151**

---

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

TRAVIS MCLEAN,

             Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (5:10-cr-00104-FL-1)

---

Submitted:  July 11, 2011              Decided:  July 18, 2011

---

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis McLean appeals his 120-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The charges stemmed from McLean's possession of a firearm following the commission of a robbery by two men with whom McLean was riding in a car. On appeal, McLean contends that the district court erred when it applied a four-level sentencing enhancement for using or possessing a firearm in connection with another felony offense. Finding no reversible error, we affirm.

We review the district court's factual findings regarding a sentencing enhancement for clear error, and the legal interpretations of the United States Sentencing Guidelines de novo. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). To support an enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6), the Government must prove by a preponderance of the evidence that: (1) the defendant committed another felony offense; and (2) the defendant used or possessed a firearm in connection with that offense. United States v. Blount, 337 F.3d 404, 407-11 (4th Cir. 2003). A firearm is used or possessed in connection with another felony offense "if it facilitates or has a tendency to facilitate the felony offense." United States v. Garnett, 243 F.3d 824, 829 (4th Cir. 2001).

2

McLean does not dispute that he possessed the firearm; rather, he argues that the Government presented insufficient evidence at sentencing to show that he committed another felony offense. To the contrary, we hold that the district court did not clearly err when it found by a preponderance of the evidence that McLean possessed a firearm in connection with being an accessory after the fact to robbery with a dangerous weapon, a felony under North Carolina law. See N.C. Gen. Stat. §§ 14-7, 14-87 (2009). Under North Carolina Law, the offense of accessory after the fact consists of (1) the principal's commission of the underlying felony; (2) the defendant's "personal assistance to the principal to aid in his escaping detection, arrest, or punishment"; and (3) the defendant's knowledge of the commission of the felony. State v. McGee, 676 S.E.2d 662, 667 (N.C. Ct. App. 2009).

McLean argues that the Government failed to produce sufficient evidence of this third element—that McLean had knowledge of the robbery. However, the Government offered evidence showing that a robbery took place, that McLean heard a gunshot and saw his friends leave a house with a large quantity of marijuana, and that McLean thereafter attempted to hide the firearm used in the robbery. McLean did not offer any evidence to dispute the Government's showing. Accordingly, we hold that the district court did not err in finding by a preponderance of

3

the evidence that McLean possessed the firearm in connection with being an accessory after the fact to robbery with a dangerous weapon.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>