**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4726**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RICKY MARITIQUE RODGERS,

Defendant – Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., Senior District Judge. (7:09-cr-00884-GRA-1)

_____

Submitted: January 4, 2011           Decided: February 2, 2011

_____

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Craig, CRAIG LAW FIRM, PC, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Maritique Rodgers was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006) (Count One), possession with intent to distribute marijuana, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(D) (2006) (Count Two), possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) (Count Three), and possession of counterfeit U.S. currency, in violation of 18 U.S.C. § 472 (2006) (Count Four). Rodgers pleaded guilty to Counts One and Two, and the Government agreed to dismiss the remaining counts. The district court sentenced Rodgers to 110 months' imprisonment. Rodgers noted a timely appeal. We affirm.

First, Rodgers argues that the district court erred when it sentenced him as a career offender. Rodgers concedes that the U.S. Sentencing Guidelines Manual ("USSG") (2009) career offender provision is applicable based on his prior convictions, but he argues that the district court erred in failing to depart downward because application of the provision overstates his criminal history. See USSG §§ 4B1.1, 4A1.3(b).

We lack the authority to review a sentencing court's decision not to depart downward "unless the court failed to understand its authority to do so." United States v. Brewer,

2

520 F.3d 367, 371 (4th Cir. 2008). Rodgers has not alleged that this exception applies. Moreover, nothing in the record indicates the district court failed to understand its authority. On the contrary, Rodgers' trial counsel reminded the district court that it had discretion to depart downward. Therefore, this claim entitles Rodgers to no relief.

Next, Rodgers argues that the district court erred when it applied a four-level offense level enhancement for possessing a firearm in connection with a felony, pursuant to USSG § 2K2.1(b)(6). We review the factual findings underpinning application of a sentence enhancement for clear error. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). In order to support the USSG § 2K2.1(b)(6) firearm enhancement, "the Government must prove by a preponderance of the evidence" that the weapon was possessed in connection with another felony offense. United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010); see USSG § 2K2.1(b)(6).

We find that the district court did not clearly err when it determined that the firearms recovered from Rodgers' bedroom were connected with another felony offense. Police recovered two handguns in close proximity to marijuana packaged for distribution. They also recovered digital scales, white powder residue, razor blades, baggies, and rolling papers in the residence. The Government was entitled to rely on

3

circumstantial evidence, including the type of firearms involved and their proximity to illicit narcotics, to carry its burden. Manigan, 592 F.3d at 629.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED