**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4430**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES STEVEN WEAVER,

Defendant - Appellant.

_____

**No. 10-4438**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WENDELL WILLIAM CHINNERS, JR., a/k/a Wendall Chinners, a/k/a
BJ,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District
of South Carolina, at Charleston.   David C. Norton, Chief
District Judge.  (2:09-cr-00592-DCN-6; 2:09-cr-00592-DCN-1)

_____

Submitted:  March 31, 2011           Decided:  April 27, 2011

_____

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

John W. Locklair, III, LOCKLAIR & LOCKLAIR, PC, Columbia, South Carolina; Janis R. Hall, Greenville, South Carolina, for Appellants. Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Steven Weaver pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to manufacture with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2006). Wendell William Chinners pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to manufacture with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2006), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). The district court sentenced Weaver to ninety-six months' imprisonment and Chinners to a total term of imprisonment of 180 months.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating their opinion that there are no meritorious issues for appeal but questioning whether the district court incorrectly calculated the theoretical yield of methamphetamine as to Weaver and whether the district court erred in applying a reckless endangerment enhancement[*] as to Chinners. Neither Weaver nor Chinners,

_____

[*] Counsel characterizes the enhancement as one for obstruction of justice, which is covered by USSG § 3C1.1. Chinners' offense level was actually enhanced for reckless endangerment during flight, pursuant to USSG § 3C1.2.

although notified of their right to file pro se supplemental briefs, has done so. The Government declined to file a responsive brief. We affirm.

Weaver contends that the district court erred in calculating the theoretical yield of methamphetamine from the amount of pseudoephedrine he purchased for the purpose of converting it to methamphetamine. The district court's determination of the amount of drugs attributable to the defendant for sentencing purposes is a factual finding reviewed for clear error. United States v. Sampson, 140 F.3d 585, 591 (4th Cir. 1998). This deferential standard of review requires reversal only if the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks omitted). When the amount of drugs "seized does not reflect the scale of the offense, the district court shall approximate the quantity to be used for sentencing." USSG § 2D1.1, cmt. n.12. After reviewing the record, we conclude that the district court did not clearly error in calculating the theoretical yield of methamphetamine.

Chinners contends that the reckless endangerment during flight enhancement was improper. "We review the district court's application of the reckless endangerment enhancement for clear error." United States v. Carter, 601 F.3d 252, 254 (4th

4

Cir. 2010). A two-level enhancement is required "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. "[A]cts are considered 'reckless' when [the defendant] was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." Carter, 601 F.3d at 255 (internal quotation marks omitted). Because Chinners led police on a high-speed chase past several vehicles and placed the pursuing officer and the passengers in his car in danger, we conclude that the district court did not err in applying the enhancement.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the Appellants' convictions and sentences. This court requires that counsel inform Weaver and Chinners, in writing, of their right to petition the Supreme Court of the United States for further review. If Weaver or Chinners requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on

5

the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
