**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 10-5233**

―――――――

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

VERNON LEON CARTER,

             Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Jerome B. Friedman, Senior District Judge.  (4:10-cr-00085-JBF-TEM-1)

―――――――

Submitted:  May 13, 2011                    Decided:  June 2, 2011

―――――――

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Kristine E. Wolfe, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vernon Leon Carter pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, he challenges the district court's decision at sentencing to apply the two-level enhancement for recklessly creating a substantial risk of serious bodily injury or death while being pursued by police pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 (2010). Finding no error, we affirm.

This court reviews the district court's factual findings regarding a sentencing enhancement for clear error and the legal interpretations of the Guidelines de novo. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). An individual's acts are considered "reckless" when he "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG §§ 2A1.4 cmt. n.1, 3C1.2 cmt. n.2. We conclude that Carter's conduct during the pursuit, in which he tossed a loaded handgun over a fence in a residential neighborhood with the intent that it will not be found by the police is sufficient to support the two-level increase.

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>