**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4767**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

BRIAN C. HICKS,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:09-cr-00071-FDW-1)

Submitted:  June 21, 2011            Decided:  July 14, 2011

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Steven G. Slawinski, Assistant Federal Public Defenders, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian C. Hicks appeals his conviction, following a jury trial, of destruction of his computer hard drive with the intent to impede, obstruct, or influence a federal investigation, in violation of 18 U.S.C. § 1519 (2006). Hicks was under investigation for possession of child pornography. After learning that federal agents wanted to speak with him, Hicks destroyed his hard drive. On appeal, Hicks argues that (1) his conviction violated due process and his Fourth Amendment right against unreasonable seizures; and (2) the district court erred at sentencing in applying the child pornography cross-reference and denying Hicks a two-level reduction for acceptance of responsibility. Finding no reversible error, we affirm.

Generally, we review de novo a district court's ruling on a constitutional challenge to a statute. United States v. Buculei, 262 F.3d 322, 327 (4th Cir. 2001). When a defendant fails to timely raise a constitutional challenge in the district court, however, he forfeits the constitutional right, and we review the issue for plain error. United States v. Olano, 507 U.S. 725, 732-33 (1993). Because Hicks only asserted his Fifth Amendment challenge in an untimely pretrial motion and failed to raise his Fourth Amendment challenge at all, his claims are reviewed to determine whether (1) there was error; (2) that was plain; and (3) that affected substantial rights. Id. at 732-35.

2

Hicks first claims that his prosecution under 18 U.S.C. § 1519 violated his Fifth Amendment rights. Hicks appears to argue that he had a property right to destroy his computer's hard drive, and that he was deprived of that right when the Government prosecuted him without due process. To establish a violation of procedural due process, Hicks must show that (1) he had a property interest, (2) of which the Government deprived him, (3) without due process of law. Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach, 420 F.3d 322, 328 (4th Cir. 2005). Procedural due process requires, at a minimum, fair notice and an opportunity to be heard. Matthews v. Eldridge, 424 U.S. 319, 333 (1976). In order to determine whether an individual has received fair notice, we "must examine the relevant facts of each case." United States v. Hoechst Celanese Corp., 128 F.3d 216, 224 (4th Cir. 1997). Beyond the minimum requirements of notice and an opportunity to be heard, due process is "flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

Regardless of whether Hicks had a property interest in the destruction of his hard drive, we hold that he received sufficient process prior to any deprivation. The statute provided adequate notice that destroying the images on his hard

3

drive was prohibited in light of the federal investigation.[1]

Further, Hicks received an indictment and summons and was given

the opportunity to be heard at trial.  Hicks does not argue that

his trial did not comport with the requirements of due process.[2]

---

[1] Hicks also argues that Congress did not intend for § 1519 to extend to cases like his because it was enacted under the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 (codified in scattered sections of 15 U.S.C. and 18 U.S.C.) (2002).  Because we hold that the statute is plain and unambiguous, we decline to delve into the legislative history. See U.S. v. Hunt, 526 F.3d 639, 743-44 (11th Cir. 2008); see also Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 450 (2002).  Furthermore, because there are not competing plausible interpretations of the text, we need not employ the doctrine of constitutional avoidance as Hicks requests.  See Clark v. Martinez, 543 U.S. 371, 381 (2005).

[2] Hicks attempts to tie into his due process claim a claim that § 1519 interferes with the affirmative defense to child pornography found in 18 U.S.C. § 2252(c) (2006), which applies if

> the defendant (1) possessed less than three matters containing any visual depiction proscribed by [the child pornography statute]; (2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any visual depiction or copy thereof – (A) took reasonable steps to destroy each such visual depiction; or (B) reported the matter to a law enforcement agency and afforded that agency access to such visual depiction.

Because Hicks was not charged with possession of child pornography and, therefore, was ineligible to assert § 2252(c) as a defense, he suffered no injury in fact from any conflict between the two provisions.  Accordingly, he lacks standing to challenge § 1519 on this ground.  See Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 629 F.3d 387, 396 (4th Cir. 2011).

Hicks contends that his conviction also violates the Fourth Amendment's prohibition on unreasonable seizures. Essentially, Hicks argues that his computer was effectively seized because he was not at liberty to destroy it, and, because the agents did not acquire a warrant, they violated his Fourth Amendment rights.

The Fourth Amendment protects individuals from unreasonable searches and seizures of their persons, houses, papers and effects. Soldal v. Cook County, 506 U.S. 56, 62 (1992). The seizure of personal property occurs when "there is some meaningful interference with an individual's possessory interests in that property." Altman v. City of High Point, 330 F.3d 194, 204 (4th Cir. 2003) (quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984)). We hold that there was no meaningful interference with Hicks's possessory interests because he did not have a property right in the images of child pornography. See Helton v. Hunt, 330 F.3d 242, 247 (4th Cir. 2003). Therefore, the district court did not err in convicting Hicks under § 1519. Because we hold that the district court did not err, we need not decide whether any error was plain and affected Hicks's substantial rights.

Hicks also challenges the sentence imposed by the district court. We review the district court's factual findings at sentencing for clear error and the legal interpretations of

5

the Guidelines de novo.  United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010); see also United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007).

Hicks first claims that the district court erred during sentencing by applying the child pornography Guidelines provision pursuant to U.S. Sentencing Guidelines ("USSG") §§ 2J1.2(c), 2X3.1 (2009), because (1) he was charged as a principal, not an accessory after the fact; and (2) there was insufficient evidence that he possessed child pornography. First, we hold that the district court did not abuse its discretion in referring to USSG § 2X3.1.  Regardless of the "Accessory After the Fact" title assigned to § 2X3.1, the obstruction of justice Guidelines provision clearly states "If the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than determined above."  USSG § 2J1.2(c).

Nor did the district court commit clear error in applying the child pornography cross-reference.  In order for the district court to apply the cross-reference, it was required to find by a preponderance of the evidence, see United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997), that Hicks possessed images of prepubescent minors or those under the age of twelve,

6

that a computer was used in the transmission or receipt of the images, and that he possessed at least 150 but fewer than 300 videos. See USSG § 2G2.2(2), (6), (7)(B). The district court heard testimony at sentencing establishing all of the above elements, including testimony that Hicks admitted he had child pornography on his computer, and Hicks presented no evidence to the contrary. Therefore, we hold that there was sufficient evidence to support the district court's cross-referencing of the child pornography Guidelines.

Hicks also claims that the district court erred by declining to award a sentencing adjustment for acceptance of responsibility. Pursuant to USSG § 3E1.1, a reduction for acceptance of responsibility is appropriate "[i]f the defendant clearly demonstrates acceptance of responsibility for the offense"; it "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt. . . ." USSG § 3E1.1 cmt. n.2. A conviction by trial alone does not preclude a defendant from such an adjustment; in rare situations, such as when "a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," the adjustment may be appropriate. Id.

Here, Hicks proceeded to trial because he contested his factual guilt. Specifically, Hicks argued that he did not

7

intend to obstruct, impede, or influence the federal investigation. Thus, Hicks put the Government to its burden of proof at trial on the essential elements of guilt. Accordingly, we conclude that the district court did not clearly err in denying an adjustment for acceptance of responsibility.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>