**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5173**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN JOSEPH BARNOCKY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Thomas David Schroeder, District Judge. (1:10-cr-00020-TDS-1)

Submitted: June 20, 2011      Decided: August 5, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Joseph Barnocky appeals the 170-month sentence imposed following his guilty plea to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006) ("Count Two"), and one count of carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) ("Count Three"). On appeal, Barnocky argues that the district court erred in applying a six-level sentencing enhancement on Count Two for aggravated assault on a police officer. Finding no reversible error, we affirm.

We review for clear error the factual findings underlying a sentencing enhancement. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). Pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3A1.2(c) (2009), a defendant qualifies for a six-level enhancement if, knowing or having reasonable cause to believe that a person is a law enforcement officer, he assaults the officer in a manner creating a substantial risk of serious bodily injury during the course of an offense or during immediate flight from the offense. USSG § 3A1.2(c)(1). Under the Guidelines, such conduct amounts to aggravated assault, USSG § 3A1.2 cmt. n.4(A), which is defined as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an

2

intent to commit another felony." USSG § 2A2.2 cmt. n.1. In determining whether an assault was committed, we look to the common meaning of assault, as well as its common law meaning. United States v. Hampton, 628 F.3d 654, 660 (4th Cir. 2010). Battery of a law enforcement officer satisfies USSG § 3A1.2(c)(1)'s assault requirement. Id. at 661.

We hold that the district court did not err in finding that Barnocky committed an aggravated assault under the Guidelines. As the district court concluded, Barnocky assaulted a police officer when he kicked the officer while at the same time retrieving and loading his gun. Such conduct was sufficient to commit a battery, satisfying the requirements of USSG § 3A1.2(c)(1). Contrary to Barnocky's assertion, the evidence did not show that his kicks were insufficient to seriously injure the officer. Thus, we hold that the district court did not err in applying the six-level enhancement for aggravated assault on a police officer.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3