**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4099**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

DERRICK ANTWAN DINGLE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:10-cr-00209-FL-2)

Submitted:  November 22, 2011        Decided:  December 6, 2011

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREENE & WILSON, P.A., New Bern, North
Carolina, for Appellant.   Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, J. Gaston B. Williams,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Antwan Dingle pled guilty, without a written plea agreement, to possessing a firearm after having been convicted of a felony and aiding and abetting his father, Bobby Batts, in the same crime. 18 U.S.C. §§ 2, 922(g)(1) (2006). Dingle challenges his sixty-three-month sentence on appeal, arguing the district court lacked a sufficient evidentiary basis for his sentencing enhancements. We affirm.

This court reviews the district court's factual findings regarding a sentencing enhancement for clear error and the legal interpretations of the Guidelines de novo. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and alteration omitted). Finally, we give "great deference" to the district court's credibility determinations. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

We have carefully reviewed the evidence presented during the sentencing hearing and conclude the Government bore its burden to prove by a preponderance of the evidence the facts supporting the enhancements for possession of a firearm in connection with another felony offense and the presence of a

2

vulnerable victim.  <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> §§ 2K2.1(b)(6), 3A1.1(b)(1) (2010).  We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>