**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4467**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

BRONSON JERMAINE GAINEY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Jr., District Judge. (1:10-cr-00336-WO-1)

———————

Submitted: December 15, 2011    Decided: December 19, 2011

———————

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bronson Jermaine Gainey pled guilty to possession of a stolen firearm and was sentenced to 120 months in prison. On appeal, he challenges the district court's decision at sentencing to apply a two-level enhancement for recklessly creating a substantial risk of serious bodily injury or death while being pursued by police pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 (2010). Finding no error, we affirm.

This court reviews the district court's factual findings regarding a sentencing enhancement for clear error and the legal interpretations of the Guidelines de novo. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). An individual's acts are considered "reckless" when he "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG §§ 2A1.4 cmt. n.1, 3C1.2 cmt. n.2.

Here, after an officer attempted to detain Gainey while investigating a shots fired call, Gainey instructed the driver of a car to "go, go, go," while the officer was "at least partly in the car." In addition, there was a firearm near Gainey and a pit bull and three other individuals in the car, as well as at least one other suspect on the street approaching the

2

car.  We conclude that Gainey's conduct during the pursuit was sufficient to support the two-level increase.

Accordingly, we affirm Gainey's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>