**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4074**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CARLOS DEMONT WATSON, a/k/a Doughboy,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:11-cr-00075-BO-1)

_____

Submitted:  June 28, 2012          Decided:  July 5, 2012

_____

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Joshua W. Willey, Jr., MILLS & WILLEY, New Bern, North Carolina,
for Appellant.  Thomas G. Walker, United States Attorney,
Jennifer P. May-Parker, Joshua L. Rogers, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Demont Watson appeals his 300-month sentence following a guilty plea to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in the distribution of cocaine base, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C. § 841(a)(1). On appeal, Watson argues that the district court erred by: (1) applying a three-level sentencing enhancement for his role as a manager or supervisor in the offense, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(b) (2011); and (2) applying a two-level sentencing enhancement for possession of a firearm during the offense, pursuant to USSG § 2D1.1. Finding no reversible error, we affirm.

We first address Watson's challenge to the three-level enhancement for his leadership role in the offense. We review the district court's factual findings regarding a sentencing enhancement for clear error and the legal interpretations of the Guidelines de novo. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). The district court's ruling regarding a role adjustment is a factual determination reviewed for clear error. United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). Clear error occurs "when, although there is evidence to support

2

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (citation and internal quotation marks omitted).

A three-level sentencing enhancement under USSG § 3B1.1(b) is warranted if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants." To qualify for such an enhancement, the defendant must have managed or supervised "one or more other participants." USSG § 3B1.1, cmt. n.2. The enhancement is appropriate where the evidence demonstrates that the defendant "controlled the activities of other participants" or "exercised management responsibility." United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011) (citing United States v. Bartley, 230 F.3d 667, 673-74 (4th Cir. 2000)). In determining whether an enhancement under USSG § 3B1.1(b) is warranted, a court should consider:

> (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

United States v. Kellam, 568 F.3d 125, 148 (4th Cir. 2009) (quoting USSG § 3B1.1, cmt. n.4).

Watson asserts that the three-level enhancement for his role as a supervisor or manager in the drug trafficking business was erroneous because he did not exercise sufficient control, direction, or supervision over his co-conspirator and girlfriend, Brittany Williams, to make him a manager or supervisor within USSG § 3B1.1(b). We disagree. Watson attempts to analogize his conduct to that of the defendant in United States v. Slade, 631 F.3d 185 (4th Cir. 2011), in which this court found the district court's enhancement to be erroneous. In Slade, this court emphasized that, although the defendant's cousin, an unindicted co-conspirator, drove the defendant to various locations to deliver drugs, there was no indication that he did so as a result of any exercise of managerial or supervisory authority by the defendant. Id. at 191.

However, unlike Slade, Williams did not simply drive Watson to various location to deliver drugs; rather, Watson hid drugs outside of Williams' home and instructed her where to locate the drugs, who would be picking up the drugs, and how much she should collect. Moreover, Watson fails to address his supervisory control over his uncle, Raymond Harris, who he compensated with small quantities of crack cocaine in exchange for the use of Harris' home to conduct drug sales. Given that Watson exercised control over both his girlfriend and his uncle,

4

the district court did not clearly err in applying a three-level sentencing enhancement for Watson's role as a manager or supervisor in the drug trafficking offense.

We now turn to Watson's challenge to the two-level enhancement for possession of a firearm during the offense. Pursuant to USSG § 2D1.1(b)(1), a two-level sentencing enhancement is appropriate if a "dangerous weapon (including a firearm) was possessed" during the commission of the offense for which the defendant was convicted, "unless it is clearly improbable that the weapon was connected with the offense." Slade, 631 F.3d at 188 (quoting USSG § 2D1.1(b)(1), cmt. n.3). The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks and citation omitted). "[P]ossession of the weapon during the commission of the offense is all that is needed to invoke the enhancement." Id. (internal quotation marks omitted). The defendant bears the burden to show that a connection between his possession of a

5

firearm and his narcotic offense is "clearly improbable." Slade, 631 F.3d at 189.

Watson asserts that the two-level sentencing enhancement for possession of a firearm during the commission of the offense was not supported by credible evidence. Specifically, Watson questions the credibility of witnesses who told investigators that they saw Watson with a gun during a drug transaction, emphasizing that his criminal history is devoid of any firearms charges or convictions and the confidential informant never viewed a firearm during his controlled narcotics purchases from Watson.

We conclude that the district court did not clearly err in applying a two-level sentencing enhancement for possession of a firearm during the drug trafficking offense. As determined from the respective debriefings of witnesses, the following facts support the two-level enhancement: Angelo Cooper sold Watson a firearm; Demetrius Whitehead saw Watson with a handgun on his lap during a drug transaction; and Jhirmick Gray viewed Watson in close proximity to a black semi-automatic firearm during a drug sale, stating that Watson always carried a gun. Although Watson questions the credibility of these witnesses, he fails to establish that his possession of a firearm during his drug trafficking was "clearly improbable."

6

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED