**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4511**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOHN ROBERT ARMSTRONG,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:10-cr-00276-PMD-1)

─────────────

Submitted:  February 27, 2013        Decided:  March 15, 2013

─────────────

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Robert Armstrong pled guilty to assault with a dangerous weapon, in violation of 18 U.S.C. § 111(b) (2006), and was sentenced to a term of 115 months in prison. Armstrong appeals his sentence, arguing that the district court erred in applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2A2.2(b)(2)(B) (2011) for use of a dangerous weapon. We affirm.

Armstrong argues that the enhancement for use of a dangerous weapon should not apply because he did not intend to harm the officers but was merely trying to escape. "When evaluating a challenge to a sentence enhancement, we review the district court's factual findings only for clear error, and [i]f the issue turns primarily on the legal interpretation of the guidelines, our review is de novo." United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010) (internal quotation marks omitted). "The district court's finding of intent is a factual finding . . . review[ed] for clear error." United States v. Garcia, 34 F.3d 6, 10 (1st Cir. 1994).

The district court found Armstrong's statements regarding his intent to be incredible and determined that Armstrong had acted with the intent to cause bodily injury to the officers. Based on the uncontested facts presented in the presentence investigation report, the district court's

2

determination of fact was not clearly erroneous, and the enhancement was properly applied. We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>