**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4262**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

DEWON LAMONT JAMISON,

           Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:13-cr-00284-JAB-2)

Submitted: September 25, 2014          Decided: October 1, 2014

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher A. Beechler, LAW OFFICES OF CHRISTOPHER A. BEECHLER, Winston-Salem, North Carolina, for Appellant. Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dewon Lamont Jamison appeals the 228-month sentence imposed by the district court after he pled guilty to interfering with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a), 2 (2012), and carrying and using, by discharging, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012). Jamison's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but raising Jamison's claims that the district court improperly sentenced him under § 924(c) and improperly applied the enhancement in U.S. Sentencing Guidelines Manual ("USSG") § 3C1.2 (2013). Jamison was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Jamison first argues that the district court erred by sentencing him for discharging a firearm because a co-defendant, not Jamison, discharged the firearm. This argument is precluded by Jamison's plea of guilty on the § 924(c) charge. Next, Jamison argues that the district court erred by imposing a two-level enhancement under USSG § 3C1.2 for reckless endangerment during flight. Applying the relevant legal principles to the evidence and testimony adduced at the sentencing hearing leaves us without doubt that the district court did not clearly err in

2

imposing the enhancement in this case.  See United States v. Carter, 601 F.3d 252, 254-55 (4th Cir. 2010) (stating standard of review and discussing § 3C1.2 enhancement).  We therefore conclude that the district court did not abuse its discretion in sentencing Jamison.  See Gall v. United States, 552 U.S. 38, 51 (2007) (discussing appellate review of sentences).

In accordance with Anders, we have reviewed the entire record for any meritorious grounds for appeal and have found none.  Accordingly, we affirm the district court's judgment. This court requires that counsel inform Jamison, in writing, of his right to petition the Supreme Court of the United States for further review.  If Jamison requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this Court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jamison.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED