# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1237

_____

United States of America,

*Plaintiff - Appellee,*

v.

Michael Joseph McMahan,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: October 10, 2014
Filed: April 10, 2015

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Michael Joseph McMahan pleaded guilty to conspiracy to distribute methamphetamine. The district court[1] sentenced him to 196 months' imprisonment. McMahan appeals his sentence, arguing that the district court erred by increasing his

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

offense level under the sentencing guidelines based on a finding of reckless endangerment during flight. We conclude that the increase was warranted, and therefore affirm.

On July 24, 2013, law enforcement officers received information that McMahan was part of a methamphetamine distribution conspiracy that was bringing drugs from Minnesota to Iowa for resale. The next day, an officer observed McMahan driving a red vehicle, and the officer called for a marked patrol unit to stop the car. The unit attempted to make a traffic stop, but McMahan drove off at a high rate of speed, first down a road and then down an alley. According to one officer, McMahan was "going down alleys so fast that [the pursuing officer] couldn't see because of the huge dust cloud."

McMahan eventually pulled into a driveway, abandoned his car, and fled on foot. He fled through backyards and over three fences, and a witness observed him enter a private home. Nobody was home when McMahan entered, but the homeowner later told police that he did not know McMahan and did not give him permission to enter the home. Officers entered the house and located McMahan in the basement, where he surrendered.

McMahan pleaded guilty to one count of conspiracy to distribute methamphetamine. *See* 21 U.S.C. § 846. At sentencing, in calculating the advisory sentencing guideline range, the district court applied a two-level increase under USSG § 3C1.2 for reckless endangerment during flight. As a result, the court determined a total offense level of 35, along with a criminal history category of V, and an advisory guideline range of 262 to 327 months' imprisonment. The court then departed downward from the advisory range for reasons unrelated to the reckless endangerment and sentenced McMahan to 196 months' imprisonment. The court stated alternatively that if it erred in applying the two-level increase for reckless

endangerment during flight, the court would have imposed the same sentence based on its authority under 18 U.S.C. § 3553(a).

McMahan challenges the district court's application of § 3C1.2. This guideline provides for a two-level increase when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." We review the district court's factual findings for clear error. *United States v. Silva*, 630 F.3d 754, 756 (8th Cir. 2011).

The district court determined that two aspects of McMahan's flight independently justified the increase. The court cited McMahan's acceleration in an alley, which generated a cloud of dust that obstructed the pursuing officer's vision and created a risk to others. The court also relied on McMahan's entering a private home in an effort to evade police. McMahan contends that neither circumstance was sufficient to show that he created a substantial risk of death or serious bodily injury to another person.

We agree with the district court that McMahan's uninvited entry into a private home created a substantial risk of serious bodily injury to another person that was sufficient to justify the increase under § 3C1.2. McMahan's entry, like a traditional burglary, creates "the possibility of a face-to-face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate." *James v. United States*, 550 U.S. 192, 203 (2007). Although the homeowner was not present when McMahan entered the residence, the presence of an uninvited stranger in a home creates a substantial risk of violent confrontation leading to serious injury when the resident returns home or another party enters to investigate. *United States v. Carter*, 601 F.3d 252, 255-56 (4th Cir. 2010). We therefore conclude that the district court properly applied § 3C1.2, and there was no procedural error in imposing sentence.

The judgment of the district court is affirmed.

_____