**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 16-4320**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERMAINE RODNEY WILLIAMS,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:15-cr-00175-JAG-1)

─────────

Submitted: November 30, 2016     Decided: December 15, 2016

─────────

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Gregory R. Sheldon, BAIN SHELDON, PLC, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Olivia L. Norman, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a two-day trial, a federal jury convicted Jermaine Rodney Williams of Count 1 of a three-count indictment, which charged Williams with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). The facts underlying this charge occurred on December 21, 2013. The district court subsequently sentenced Williams to 95 months in prison and imposed a 3-year term of supervised release. Williams timely appealed and raises four issue for our consideration. As set forth below, we conclude these arguments do not garner Williams any relief. Accordingly, we affirm.

I.

Williams' first assignment of error pertains to the denial of his pretrial motion to dismiss the indictment. This motion was predicated on a prior dismissal order entered by the district court as related to the first indictment against Williams. In that order, the court found that the prosecution's failure to bring Williams to trial within 70 days of indictment violated Williams' rights under the Speedy Trial Act, see 18 U.S.C. §§ 3161–3174 (2012), and that the delay was attributable to the Government and not excusable. The court ordered the case dismissed, but did not specify whether the dismissal was with or without prejudice.

2

The Government thereafter sought and obtained a second indictment—the indictment underlying the criminal judgment that is before us on appeal—in which the Government charged Williams with three crimes, two of which were the subject of the first indictment. This second criminal case was assigned to a different district judge. Williams moved to dismiss the second indictment, arguing that the prior dismissal order was with prejudice, thus precluding the Government from reindicting Williams on these charges.

The district court held a hearing on the motion to dismiss at which it heard from both the prosecutor and Williams' new defense attorney and received supporting evidence. The court thereafter analyzed the factors set forth in 18 U.S.C. § 3162(a)(2), which include "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice,"[*] and ruled that the first dismissal order reflected a dismissal without prejudice. Williams appeals this ruling, arguing that the court

---

[*] Although not dispositive, "the presence or absence of prejudice to the defendant" is also "relevant for a district court's consideration," and may be considered in conjunction with the third factor. United States v. Taylor, 487 U.S. 326, 334 (1988).

3

erred in so finding that the first dismissal order was without prejudice.

The Speedy Trial Act provides that, if the defendant's trial does not begin within 70 days and the delay is not excludable, the district court "shall" dismiss the indictment with or without prejudice on motion of the defendant. 18 U.S.C. § 3162(a)(2); United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008). Neither type of dismissal is "the presumptive remedy for a Speedy Trial Act violation," and in resolving whether to dismiss a case with or without prejudice, the district court must consider the specific factors set forth in § 3162(a)(2). Taylor, 487 U.S. at 334.

The Supreme Court has instructed that, when reviewing a district court's ruling on a Speedy Trial Act claim, "the district court's judgment of how opposing considerations balance should not lightly be disturbed" so long as the court "properly considered" the statutory factors and did not make any clear error in its relevant factual findings. Id. at 337. Here, the record confirms that the court, in interpreting the order dismissing the first indictment, properly considered the statutory factors in 18 U.S.C. § 3162(a)(2) and did not commit clear error in its factual findings related to these factors. We thus affirm the denial of Williams' motion to dismiss the second indictment on speedy trial grounds.

4

II.

Williams next maintains that the Government's evidence on the count of conviction was legally insufficient as it did not adequately prove Williams' possession, actual or constructive, of a firearm. We disagree.

We review the denial of a Fed. R. Crim. P. 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (alteration and internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

To convict a defendant under 18 U.S.C. § 922(g)(1), the Government must establish that: (1) the defendant was a felon; (2) he voluntarily and intentionally possessed a firearm; and (3) the firearm traveled in interstate commerce. United States v. Reed, 780 F.3d 260, 271 (4th Cir.), cert. denied, 136 S. Ct. 167 (2015). The trial transcript reveals that the Government

5

produced sufficient evidence to establish each element of this offense.

First, Williams stipulated that he had been convicted of a felony when the underlying events occurred. Uncontradicted testimony of Special Agent Joseph Bradley of the Bureau of Alcohol, Tobacco, Firearms and Explosives established an interstate nexus. Finally, Officer C. Byerly of the Chesterfield County Police Department, who was driving the first of several police vehicles pursuing Williams on December 21, 2013, observed Williams extend his arm out of his car window and drop a firearm to the street. Williams was the lone occupant of this vehicle. Byerly and another officer recovered the firearm shortly after Williams was apprehended a few moments later. Taking the evidence in the light most favorable to the Government and resolving all evidentiary contradictions in the Government's favor, see United States v. Taylor, 659 F.3d 339, 343 (4th Cir. 2011), this testimony is sufficient to sustain the jury's guilty verdict, see United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).

III.

Williams asserts two challenges to his 95-month sentence. First, Williams assigns error to the district court's application of U.S. Sentencing Guidelines Manual § 3C1.2 (2015), which resulted in a two-level increase in Williams' base offense

6

level. In evaluating the district court's Guidelines calculations, this court reviews the district court's findings for clear error and its legal conclusions de novo. United States v. White, 771 F.3d 225, 235 (4th Cir. 2014).

Section 3C1.2 provides for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." This enhancement "is intended to capture behavior that could be viewed as an obstruction of justice, and thus requires that a defendant be aware that he or she is fleeing from a law enforcement officer." United States v. Shell, 789 F.3d 335, 347 (4th Cir. 2015) (internal quotation marks omitted). "[A]cts are considered reckless when [the defendant] was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." United States v. Carter, 601 F.3d 252, 255 (4th Cir. 2010) (internal quotation marks omitted).

In overruling Williams' objection to this enhancement, the district court ruled that it was properly applied because, on December 21, 2013, Williams led the police on a high-speed chase, on a two-lane, business access road, during which Williams' top speed approached 70 mph. The court opined that

7

traveling at this excessive rate of speed on such a small road, which, the court observed, was very close to a main thoroughfare, created a substantial risk of death or serious bodily injury to any of the drivers, including Williams. We readily conclude that these facts, which were established by the officers' trial testimony, support the enhancement and belie Williams' contention that he engaged only in "mere flight," which would be insufficient to warrant the enhancement. See id. We therefore conclude that the district court did not commit clear error in applying this enhancement.

Finally, Williams maintains that, "pursuant to USSG § 4A1.3(b)(1), a criminal history category of VI substantially over-represented the seriousness of his criminal history." (Appellant's Br. at 19). Williams goes on to particularize his various criminal convictions, and the points assigned thereto, and asserts that the scored "convictions for driving on a suspended operators' license, marijuana possession and assault and battery over-represent the seriousness of his criminal history." (Id. at 20).

To the extent that Williams' argument could be construed as a challenge to the substantive reasonableness of his sentence, we find that he fails to rebut the presumption of reasonableness afforded his within-Guidelines sentence. See United States v.

8

Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (providing standard).

For these reasons, we affirm both the district court's order denying Williams' motion to dismiss the indictment underlying this prosecution and the criminal judgment imposed following the jury trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED