**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5231**

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

WILLIAM ANDREW MERRITT,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.　Raymond A. Jackson,
District Judge.　(4:10-cr-00054-RAJ-TEM-1)

_____

Submitted:　July 28, 2011　　　　　Decided:　August 10, 2011

_____

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Keith Loren
Kimball, Assistant Federal Public Defender, Patrick L. Bryant,
Appellate Attorney, Norfolk, Virginia, for Appellant.　Neil H.
MacBride, United States Attorney, Kristine E. Wolfe, Special
Assistant United States Attorney, Newport News, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Andrew Merritt pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of sixty-six months imprisonment. Merritt appeals his sentence, contending that the district court clearly erred in finding that he assaulted a law enforcement officer in the course of the offense in a manner that created a substantial risk of serious bodily injury, U.S. Sentencing Guidelines Manual § 3A1.2(c)(1) (2010). We affirm.

Responding to a 911 call from a woman reporting that a disorderly man armed with a handgun was refusing to leave her hotel room, Police Officer S.A. Mounger encountered Merritt walking out the front entrance to the hotel. Merritt acknowledged he was the subject of the 911 call and showed his identification. He then began walking back to his room.[*] He ignored Officer Mounger's request to pat him down for weapons. When Mounger drew his gun and ordered Merritt to get down on the floor, Merritt did not obey. As Merritt began to re-enter his room, Mounger tried to take him into custody. Merritt elbowed Mounger in the left arm and then slammed the door on Mounger's

_____

[*] At the time, Merritt was living at the hotel with a former girlfriend.

2

left arm, slightly injuring Mounger's left elbow. While Mounger held the door open with his leg, Merritt ran into the bathroom and closed the door briefly. He came out again as backup officers arrived. Merritt was arrested for assaulting an officer; however, to effect his arrest the officers had to subdue him with pepper spray. Merritt's handgun was found in the bathroom and marijuana was found in the room.

At sentencing, Merritt contested the probation officer's recommendation for a six-level increase in the offense level under § 3A1.2(c)(1). Information in the presentence report summarized Officer Mounger's account of the incident, as well as a monitored telephone call Merritt made the next day from the Newport News jail, in which he said that he had tried to break the officer's arms by slamming the door on him. The district court found that slamming a door on a person's arm could potentially cause a serious injury, that Merritt had slammed the door on the officer's arm forcefully in hopes of deterring the officer from entering his hotel room, and that the officer had been lucky to escape with a minor injury. The court decided that the enhancement under § 3A1.2(c)(1) was properly applied. However, the court departed downward from the Guidelines range of 84-105 months and imposed a sentence of sixty-six months.

We review the factual findings underlying a sentencing enhancement for clear error. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). Pursuant to USSG § 3A1.2(c), a defendant qualifies for a six-level enhancement if, knowing or having reasonable cause to believe that a person is a law enforcement officer, he assaults the officer in a manner creating a substantial risk of serious bodily injury during the course of an offense or during immediate flight from the offense. USSG § 3A1.2(c)(1). In determining whether an assault was committed, this court looks to its meaning both in common usage and common law. United States v. Hampton, 628 F.3d 654, 660 (4th Cir. 2010). Battery of a law enforcement officer qualifies as an assault within the meaning of USSG § 3A1.2(c)(1). Id. at 661.

Merritt argues that the government did not prove that he intentionally attacked Mounger. Instead, Merritt states that he was retreating from the police when he "shut a hotel room door in such a way that it made contact with an officer's elbow." Appellant's Br. at 7. He also argues that the government failed to prove that his action created a substantial risk of serious injury to the officer and maintains that the district court should not have given any weight to his boast that he tried to injure the officer by slamming the door on him. He contends that the fact that Mounger's injury was slight

4

proves that he had no intention of seriously harming Mounger. Last, he states that, had he wished to seriously harm Mounger, he could have used his gun to do so, which he did not.

Contrary to Merritt's contentions, the presentence report tendered to the court and other evidence of record showed that Merritt did not merely retreat but actively refused to cooperate with Mounger's request for a pat-down and subsequent order to get on the floor, purposely slammed the door on Mounger's arm, and eventually had to be subdued with pepper spray. Merritt had the burden of showing that the information in the presentence report was inaccurate, which he failed to do. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Moreover, the information in the presentence report was corroborated and amplified by Merritt's phone call from the jail in which he said he had tried to break Mounger's arms when he slammed the door. Even though Mounger's injury was slight, Merritt's action had the potential to produce a more serious injury such as a broken arm, which was enough to trigger the enhancement. United States v. Ashley, 141 F.3d 63, 68-69 (2d Cir. 1998). Therefore, the district court did not clearly err in finding that Merritt created a substantial risk of a serious injury and in applying the enhancement.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the

5

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED