**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-5053**

───────────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

FRED ALASHAWN FRASIER, a/k/a Fred A. Frazier, a/k/a Fred
Lashon Frasier, a/k/a Fred Lashan Frasier, a/k/a Fred Lashan
Frazier,

           Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00593-PMD-1)

───────────────

Submitted:  June 1, 2012          Decided:  June 11, 2012

───────────────

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Timothy W. Murphy, KOLB & MURPHY, Sumter, South Carolina, for
Appellant.   Sean Kittrell, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred Alashawn Frasier appeals his jury conviction and 120-month sentence for one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that Frasier wishes to challenge the district court's denial of his Fed. R. Crim. P. 29 motion, the reasonableness of his sentence, and whether his trial counsel was ineffective. Frasier has filed a pro se supplemental brief raising the issues identified by counsel, and the Government declined to file a responsive brief. Finding no error, we affirm.

We review the district court's denial of Frasier's Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion is based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks

2

omitted).  We have reviewed the record of the district court proceedings and conclude that it was reasonable for the jury to accept the Government's evidence as adequate and sufficient to find Frasier guilty of the offense with which he was charged beyond a reasonable doubt.

We also discern no error in Frasier's 120-month sentence.  After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness.  Gall v. United States, 552 U.S. 38, 51 (2007).  The first step in this review requires us to ensure that the district court committed no significant procedural error.  United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008).  Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  Gall, 552 U.S. at 51.

Only if this Court finds the sentence procedurally reasonable can it consider the substantive reasonableness of the sentence imposed.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  We presume on appeal that a sentence within the Guidelines range is reasonable.  See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

A review of Frasier's presentence investigation report establishes that he was properly placed in criminal history category VI and that the district court correctly attributed to him a total offense level of thirty, yielding a Guidelines range of 168 to 210 months. Because of the statutory maximum applicable to Frasier's conviction, his final Guidelines range is 120 months. See 18 U.S.C. § 924(a)(2); U.S. Sentencing Guidelines Manual ("USSG") §§ 2K2.1(a)(2), 3A1.2(c)(1), 5G1.1(a), ch.5, pt. A (2010). Frasier nonetheless asserts that the district court should not have increased his offense level six levels, pursuant to USSG § 3A1.2(c)(1) (2010).

This Court reviews for clear error the district court's factual findings underlying the application of an enhancement. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). Pursuant to USSG § 3A1.2(c)(1), a defendant qualifies for a six-level enhancement if, knowing or having reasonable cause to believe that a person is a law enforcement officer, he assaults the officer in a manner creating a substantial risk of serious bodily injury during the course of an offense or during immediate flight from the offense. USSG § 3A1.2(c)(1). Under the Guidelines, such conduct is tantamount to aggravated assault, USSG § 3A1.2 cmt. n.4(A), which is defined as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to

4

frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." USSG § 2A2.2 cmt. n.1. In determining whether an assault was committed, this Court looks to the common meaning of assault, as well as its common law meaning. United States v. Hampton, 628 F.3d 654, 660 (4th Cir. 2010). Battery of a law enforcement officer satisfies USSG § 3A1.2(c)(1)'s assault requirement. Id. at 661. We conclude that, given the officers' testimony that Frasier violently struggled to escape apprehension, and subsequently reached for a weapon that the officers rightfully believed was operable, the district court did not err when it applied the six-level enhancement to Frasier's offense level.

We reject on this appeal Frasier's assertion that his trial counsel was ineffective. An ineffective assistance of counsel claim should generally be raised in a habeas corpus motion under 28 U.S.C.A. § 2255 (West Supp. 2011) in the district court. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Although an ineffective assistance claim may be cognizable on direct appeal if "it conclusively appears from the record that defense counsel did not provide effective representation," id. (internal quotation marks and citation omitted), it does not conclusively appear on the record that counsel provided ineffective representation. Accordingly, an

5

ineffective assistance of counsel claim is not cognizable on this appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Frasier, in writing, of the right to petition the Supreme Court of the United States for further review. If Frasier requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Frasier. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>