**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4667**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERRANCE LAMAR CARR, a/k/a Lil Bud,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
Chief District Judge.  (5:15-cr-00095-D-1)

_____

Submitted:  August 9, 2016          Decided:  November 8, 2016

_____

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Elisa Cyre Salmon, THE SALMON LAW FIRM, LLP, Lillington, North
Carolina, for Appellant.  Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Lamar Carr appeals his conviction and 204-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). On appeal, Carr's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Carr's guilty plea was knowing and voluntary and whether the district court imposed an unreasonable sentence. Carr has filed a pro se supplemental brief challenging two Sentencing Guidelines enhancements imposed by the district court. The Government has declined to file a response brief. Following a thorough review of the record, we affirm.

Before accepting a guilty plea, the trial court must conduct a colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

2

The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3).

Because Carr did not move to withdraw his guilty plea or otherwise preserve error in the plea proceedings, this Court reviews the adequacy of the plea colloquy for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). Carr establishes plain error by demonstrating that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the error. Massenburg, 564 F.3d at 343. Even if these requirements are met, we will exercise our discretion to "correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

The record reveals that the court substantially complied with the requirements of Rule 11, ensuring that Carr's plea was knowing, voluntary, and supported by an independent factual basis. Although the district court made minor omissions during

the plea colloquy, see Fed. R. Crim. P. 11(b)(1)(A), (J), nothing in the record suggests that Carr would not have pled guilty but for these omissions. See Massenburg, 564 F.3d at 343. We therefore conclude that Carr's guilty plea was knowing and voluntary.

We review Carr's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first "ensur[e] that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted).

If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary" to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Carr bears the burden to rebut this presumption "by

4

showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

We conclude Carr's sentence was reasonable. Carr challenges Guidelines enhancements imposed by the district court under U.S. Sentencing Guidelines Manual § 2D1.1(b)(2) (2014) and USSG § 3C1.2. Section 3C1.2 provides for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2; see United States v. Shell, 789 F.3d 335, 347 (4th Cir. 2015). "[A]cts are considered reckless when [the defendant] was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." United States v. Carter, 601 F.3d 252, 255 (4th Cir. 2010) (internal quotation marks omitted). Section 2D1.1(b)(2) also provides for a two-level enhancement "[i]f the defendant used violence, made a credible threat to use violence, or directed the use of violence." USSG § 2D1.1(b)(2).

Because Carr did not object to these enhancements in the district court, we review his unpreserved Guidelines challenges for plain error. United States v. Strieper, 666 F.3d 288, 292

(4th Cir. 2012); see Henderson, 133 S. Ct. at 1126-27 (describing standard); United States v. Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006) (explaining defendant's obligation to object to presentence report); United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (recognizing defendant's obligation to affirmatively show that information in presentence report is inaccurate). Our review of the record and Carr's supplemental brief leads us to conclude that the district court did not plainly err in imposing these enhancements.

The district court properly calculated Carr's applicable Guidelines range, considered the parties' arguments, and provided a well-reasoned explanation for the sentence it imposed, grounded in various § 3553(a) factors. Further, Carr has not met his burden to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Carr's criminal judgment. This court requires that counsel inform Carr, in writing, of the right to petition the Supreme Court of the United States for further review. If Carr requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Carr.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED