**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4619**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSEPH HAROLD PATTERSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:16-cr-00067-MOC-DLH-1)

Submitted: May 31, 2018                Decided: June 12, 2018

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian D. Gulden, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Harold Patterson appeals his conviction and 210-month sentence imposed following his guilty plea to transporting minors with intent to engage in sexual activity, in violation of 18 U.S.C. § 2423(a) (2012). Counsel for Patterson has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for review, but questioning whether the district court properly applied a 5-level sentencing enhancement for engaging in a pattern of activity involving prohibited sexual conduct. *See* U.S. Sentencing Guidelines Manual § 4B1.5(b) (2016). Patterson was notified of his right to file a pro se supplemental brief but has not done so. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In determining whether a sentence is procedurally reasonable, we consider, among other things, whether the district court properly calculated the defendant's advisory Sentencing Guidelines range. *Id.* at 51. "When evaluating a challenge to a sentencing enhancement, we review the district court's factual findings only for clear error, and if the issue turns primarily on the legal interpretation of the guidelines, our review is *de novo*." *United States v. Carter*, 601 F.3d 252, 254 (4th Cir. 2010) (brackets and internal quotation marks omitted).

Under USSG § 4B1.5(b), a 5-level sentencing enhancement shall apply if the defendant, among other things, "engaged in a pattern of activity involving prohibited sexual conduct." A defendant engages in such pattern "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." USSG

2

§ 4B1.5 cmt. n.4(B)(i). Patterson argues that "two separate occasions" could refer to two occasions separate from one another, or to two occasions separate from the instant offense. Patterson further contends that, given this ambiguity, the rule of lenity requires the latter construction to apply because it is more favorable to defendants. Even assuming, without deciding, that Patterson's interpretation of USSG § 4B1.5 is correct, the record is flush with uncharged incidents—to which Patterson admitted below— involving prohibited sexual conduct with minors. Because Patterson previously committed at least two pattern predicates separate from the instant charge, we conclude that the district court properly applied the 5-level enhancement under USSG § 4B1.5(b).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Patterson's conviction and sentence. This court requires that counsel inform Patterson, in writing, of the right to petition the Supreme Court of the United States for further review. If Patterson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Patterson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*